**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5104-15T3

PL SQUARED, LLC,

    Plaintiff-Appellant,

v.

ZONING BOARD OF ADJUSTMENT OF
THE TOWNSHIP OF HOPEWELL, a
Municipal Corporation of the
State of New Jersey,

    Defendant-Respondent.

_____

        Argued telephonically September 26, 2017 —
        Decided October 5, 2017

        Before Judges Fasciale and Moynihan.

        On appeal from Superior Court of New Jersey,
        Law Division, Mercer County, Docket No. L-
        2800-15.

        Eric Goldberg argued the cause for appellant
        (Stark & Stark, attorneys; Mr. Goldberg and
        Gene Markin, of counsel and on the briefs).

        Kevin A. Van Hise argued the cause for
        respondent (Mason, Griffin & Pierson, P.,
        attorneys; Cory K. Kestner, of counsel and on
        the brief).

PER CURIAM

In this action in lieu of prerogative writs, plaintiff PL Squared, LLC appeals from a June 21, 2016 order upholding a resolution by defendant Zoning Board of Adjustment of the Township of Hopewell (the Board) denying plaintiff's application seeking a N.J.S.A. 40:55D-70(d)(1) use variance and various N.J.S.A. 40:55D-70(c)(1) bulk variances. There exists substantial credible evidence in the record to support the Board's findings, there is no clear abuse of discretion, and the decision is not arbitrary, capricious, or unreasonable. We therefore affirm.

Plaintiff owns a single-family dwelling (the property) located in a Mountain Resource Conservation Zoning District (MRC). Plaintiff intended to develop the property as a convenience store and gas station. As part of that proposed development, plaintiff applied to the Board for the use variance, and requested other variance relief from certain bulk requirements.

The Board conducted hearings on several days, took testimony from witnesses, and reviewed documents admitted into evidence. In denying the applications, the Board concluded that plaintiff failed to demonstrate the site was suited for the proposed uses. The Board also found that granting the variances conflicted with the town's master plan, and contravened an applicable ordinance, which precluded multiple uses for lots located in the MRC District. Plaintiff then filed this complaint.

A-5104-15T3

On appeal, plaintiff argues that the Board's denial of the use variance was arbitrary, capricious, and unreasonable. Plaintiff contends there is insufficient evidence in the record to support the Board's denial of the use variance. Plaintiff maintains that the Board, and the judge, failed to appreciate that denying the variances would result in "economic inutility," which plaintiff contends constitutes "special reasons" to issue the use variance.

Our standard of review is well settled. "In evaluating a challenge to the grant or denial of a variance, the burden is on the challenging party to show that the zoning board's decision was 'arbitrary, capricious, or unreasonable.'" Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (quoting Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965)). "[Z]oning boards, 'because of their peculiar knowledge of local conditions[,] must be allowed wide latitude in the exercise of delegated discretion.'" Ibid. (second alteration in original) (quoting Kramer, supra, 45 N.J. at 296). Therefore, a zoning board's decision "enjoy[s] a presumption of validity, and a court may not substitute its judgment for that of the [zoning] board unless there has been a clear abuse of discretion." Ibid. (citing Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002)).

The level of deference given to a zoning board's decision to grant a variance is less than the level of deference given for a denial of a variance.  Saddle Brook Realty, LLC v. Twp. of Saddle Brook Zoning Bd. of Adjustment, 388 N.J. Super. 67, 75 (App. Div. 2006) (citing Funeral Home Mgmt., Inc. v. Basralian, 319 N.J. Super. 200, 208 (App. Div. 1999)).  Nevertheless, a zoning board must base its decision on substantial evidence in the record.  Cell S. of N.J., Inc., supra, 172 N.J. at 89.  We review any issue of law de novo.  Wilson v. Brick Twp. Zoning Bd. of Adjustment, 405 N.J. Super. 189, 197 (App. Div. 2009).

We begin by addressing plaintiff's use variance application. Applicants seeking a use variance pursuant to N.J.S.A. 40:55D-70(d)(1) must show positive and negative criteria.  Medici v. BPR Co., 107 N.J. 1 (1987).  The legal principles associated with these terms are well settled.

As to the positive criteria, plaintiff must show "special reasons."  N.J.S.A. 40:55D-70(d).  Such an obligation may be established when (1) "'the proposed use inherently serves the public good'"; (2) "'the property owner would suffer "undue hardship" if compelled to use the property in conformity with the [zoning ordinance]'"; or (3) "'the use would serve the general welfare because the . . . site is particularly suitable for the proposed use.'"  Nuckel v. Borough of Little Ferry Planning Bd.,

208 N.J. 95, 102 (2011) (quoting Saddle Brook Realty, LLC, supra, 388 N.J. Super. at 76). "[P]eculiar suitability special reasons exist where, generally, the use is one that would fill a need in the general community, where there is no other viable location, and where the property itself is particularly well fitted for the use either in terms of its location, topography or shape." Basralian, supra, 319 N.J. Super. at 210. Plaintiff focuses on the second and third categories.

Economic inutility of a parcel of land, resulting from the parcel not being reasonably adapted to a conforming use, is recognized as an undue hardship, and thus, can constitute grounds for a variance. Medici, supra, 107 N.J. at 17 n.9. Plaintiff reiterates its assertion that the property has "declining suitability for residential use." The record demonstrates, however, that the dominating uses in the surrounding area of the property are residential and open space. Moreover, the New Jersey Department of Environmental Protection (NJDEP) owns property immediately behind and around the property, which the NJDEP uses for open space. Finally, property uses on Route 518 and Route 31 are predominantly residential or abandoned commercial uses. Consequently, we agree with the judge that there is no credible basis in the record to conclude that the purported economic inutility amounts to a special reason constituting undue hardship.

As to the negative criteria, plaintiff must show "that the variance 'can be granted without substantial detriment to the public good' and that it 'will not substantially impair'" the zoning regulations. Price, supra, 214 N.J. at 286 (2013) (quoting N.J.S.A. 40:55D-70). The first element "focuses on the effect that granting the variance would have on the surrounding properties." Ibid. (citing Medici, supra, 107 N.J. at 22 n.12). The second requires proof "reconcil[ing] the grant of the variance for the specific project at the designated site with the municipality's contrary determination about the permitted uses as expressed through its zoning ordinance." Ibid. (citing Medici, supra, 107 N.J. at 21). An "enhanced quality of proof" is required, "as well as clear and specific findings . . . that the grant of a use variance is not inconsistent with the intent and purpose of the master plan and zoning ordinance." Medici, supra, 107 N.J. at 4.

There is sufficient credible evidence in the record to support the Board's findings that plaintiff failed to satisfy its burden, especially as to the negative criteria. The findings include the manner in which granting the variances would contradict the town's master plan and contravene the local ordinance.

> [S]ince adoption of the 2002 Township Master
> Plan and subsequent Master Plan Re-
> Examinations, the Township has continued to

maintain a commitment to limit and discourage highway dependent commercial uses where such uses do not already exist. Thus, the Township has specifically provided for, by zoning, specific commercial corridors in the Township. The subject property is not within such an area. The Board finds that the proposed use would be appropriately located in a commercial corridor, [rather than] the subject property[,] where such highway[-]dependent businesses have been specifically precluded. Moreover, the Board notes that the subject property had previously been zoned for commercial use, but was specifically rezoned to low density residential as part of the MRC zoning enactment following the 2002 Master Plan reexamination. Therefore, the Board remains concerned that granting the variances requested here would be an impermissible usurpation of the governing body's exclusive power to zone, and would be directly contrary to the intent and purpose of the Master Plan and zoning ordinance.

In light of these factors, the Board finds that [plaintiff] has not sustained its burden of satisfying the positive and negative criteria necessary for obtaining the requested variances, or that the application is in compliance with the applicable standards set by the MLUL and [ordinances].

For these reasons, the Board finds that there will be a substantial detriment to the public good and there will be substantial detriment to the zone plan and zoning ordinance if the requested relief were granted. Furthermore, the Board's granting of the requested variances would in fact impair and impede the goals of the Township Master Plan and [ordinances].

We see no reason to disturb these findings.

Although plaintiff focuses primarily on the denial of its use variance application, the Board also denied plaintiff's application for various bulk variances. N.J.S.A. 40:55D-70(c), which generally authorizes the Board to grant bulk variances, provides in part:

> (1) Where: (a) by reason of exceptional narrowness, shallowness or shape of a specific piece of property, or (b) by reason of exceptional topographic conditions or physical features uniquely affecting a specific piece of property, or (c) by reason of an extraordinary and exceptional situation uniquely affecting a specific piece of property or the structures lawfully existing thereon, the strict application of any regulation pursuant to article 8 of this act would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the developer of such property, [the board of adjustment shall have the power to] grant, upon an application or an appeal relating to such property, a variance from such strict application of such regulation so as to relieve such difficulties or hardship[.]

In addition, an applicant must establish the aforementioned negative criteria. N.J.S.A. 40:55D-70(d). There are sufficient facts in the record to support the Board's findings that plaintiff failed to do so.

We therefore conclude that plaintiff failed to show that the Board's decision was arbitrary, capricious, or unreasonable. The Board followed the applicable law, based its decision on

8

substantial evidence in the record, and correctly denied the applications. Applying the wide latitude to zoning boards in the exercise of their delegated discretion, and seeing no abuse of discretion here, we decline to substitute our judgment for that of the Board's.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5104-15T3